**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**MARTIN NNODIMELE,**

                 **Plaintiff,**                      **MEMORANDUM**
                                                       **AND ORDER**

                 **-against-**                       **13-CV-3461 (ARR)**

**CITY OF NEW YORK, et al.,**

                 **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Pursuant to Rule 26(b)(4)(E) of the Federal Rules of Civil Procedure ("FRCP"), plaintiff Martin Nnodimele ("plaintiff") requests that this Court direct defendants to compensate plaintiff's expert, Joseph Pollini ("Pollini"), for the time Pollini spent preparing for and attending his deposition. See First Motion to Compel Payment of Expert Fees (May 18, 2015) ("Pl. Mot."), Electronic Case Filing Docket Entry ("DE") #73. Defendants oppose plaintiff's motion, arguing, *inter alia*, that the $6,500 plaintiff seeks in expert fees is excessive and that the time Pollini spent consulting with plaintiff's counsel is not compensable under Rule 26(b)(4)(E). See Response in Opposition (June 3, 2015) ("Def. Opp."), DE #107.

For the reasons set forth below, the Court grants in part and denies in part plaintiff's motion and directs that defendants pay $3,800 in expert fees.

## BACKGROUND

In this civil rights action, plaintiff alleges that defendants maliciously prosecuted him for robbery, in violation of 42 U.S.C. § 1983 and state law. See Second Amended Complaint (Mar. 20, 2014), DE #34. In connection with his case, plaintiff retained Pollini, a retired New

York City Police Department Lieutenant Commander and the Deputy Chair of the Law, Police Science, and Criminal Justice Administration division at John Jay College of Criminal Justice, to provide expert opinions on police practices. See Pl. Mot. at 1. On October 13, 2014, plaintiff served defendants with Pollini's report, which disclosed that Pollini charged $200 per hour for preparation and a flat fee of $2,500 per day for deposition or trial testimony. See Pl. Mot. at 2; Declaration of Joseph Pollini (May 11, 2015) ("Pollini Decl.") ¶ 3, DE #73-1, at 19-20.

Defendants deposed Pollini on December 19, 2014. See Pl. Mot. at 2. A dispute arose over the payment of Pollini's fees,[1] and plaintiff filed the instant motion to compel. See generally Pl. Mot. Defendants object to several aspects of Pollini's fee request. See generally Def. Opp. First, defendants oppose paying Pollini a flat fee for his deposition testimony. See id. at 2. Second, defendants contend that the hours Pollini spent meeting with plaintiff's counsel in advance of his deposition are not compensable under Rule 26(b)(4)(E). See id. at 3. Finally, defendants argue that Pollini billed an excessive and unreasonable amount of time preparing for his deposition. See id. at 2-3.

---

[1] Following the service of Pollini's report, but prior to his deposition, defendants sought judicial intervention to resolve the parties' dispute over Pollini's flat-fee request. See Motion for Discovery Concerning Compensation (Dec. 1, 2014), DE #61. The Court denied the motion without prejudice, as premature, adding that, to the extent the parties were unable to reach agreement following Pollini's deposition, either party could move for judicial resolution of the fee issue. See Order (Dec. 2, 2014), DE #62. Unfortunately, the parties were unable to resolve the dispute on their own. See generally Pl. Mot.

**DISCUSSION**

I.   **Legal Standard – Rule 26(b)(4)(E)**

"Unless manifest injustice would result, [a] court must require" a party who seeks discovery from an expert to pay that expert "a reasonable fee for time spent in responding to discovery." See Fed. R. Civ. P. 26(b)(4)(E). "The underlying purpose of Rule 26(b)(4)(E) is to compensate experts for their time spent participating in litigation and to prevent one party from unfairly obtaining the benefit of the opposing party's expert's work free of cost." See Cottrell v. Bunn-O-Matic Corp., Civ. No. 3:12CV1559 (WWE), 2014 WL 1584455, at *1 (D. Conn. Apr. 21, 2014) (internal quotation and citations omitted).

Ordinarily, hours that an expert spends on preparation and travel in connection with the expert's deposition are compensable under Rule 26(b)(4)(E). See Kreyn v. Gateway Target, No. CV-05-3175 (ERK) (VVP), 2008 WL 2946061, at *1 (E.D.N.Y. July 31, 2008); Garnier v. Ilinois Tool Works, Inc., No. 04-CV-1825 (NGG) (KAM), 2006 WL 1085080, at *4 (E.D.N.Y. Apr. 24, 2006). Nevertheless, courts have recognized that, with respect to deposition preparation time, Rule 26(b)(4)(E) should be applied with caution "since that time usually includes much of what ultimately is trial preparation work for the party retaining the expert." Constellation Power Source, Inc. v. Select Energy, Inc., No. 3:04cv983 (MRK), 2007 WL 188135, at *8 (D. Conn. Jan. 23, 2007) (citing 8A Wright & Miller, Federal Practice & Procedure § 2034, at 471 (3d ed. 2005)). "The party that seeks reimbursement bears the burden of demonstrating the reasonableness of the amount claimed." Marin v. United States, No. 06 Civ. 552 (SHS), 2008 WL 5351935, at *1 (S.D.N.Y. Dec. 22, 2008) (collecting cases).

In determining what constitutes a reasonable fee, courts consider a variety of factors:

(1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26; (7) the fee being charged by the expert to the party who retained him; and (8) fees traditionally charged by the expert on related matters.

Kreyn, 2008 WL 2946061, at *1 (quoting Magee v. Paul Revere Life Ins. Co., 172 F.R.D. 627, 645 (E.D.N.Y. 1997)); accord Cottrell, 2014 WL 1584455, at *1-2. No one factor, however, is dispositive. Garnier, 2006 WL 1085080, at *2.

## II. Application

### A. Flat Fee

Plaintiff seeks a flat fee of $2,500 for the time Pollini spent on the day of his deposition, which included eight hours of deposition testimony, as well as two hours meeting with plaintiff's counsel and two hours in travel time. See Invoice of Joseph Pollini (Jan. 4, 2015) ("Invoice"), DE #73-1 at 1.

Flat fees for experts are generally considered to be unreasonable. See Marin, 2008 WL 5351935, at *1; Kreyn, 2008 WL 2946061, at *1; Garnier, 2006 WL 1085080, at *2. Flat fees are disfavored because courts "expect some reasonable relationship between the services rendered and the remuneration to which an expert is entitled." See Mannarino v. United States, 218 F.R.D. 372, 375 (E.D.N.Y. 2003) (collecting cases) (internal quotations omitted). "By its nature, a flat fee runs counter to this principle" because "[i]t is simply not reasonable to require parties in every case to pay the same amount regardless of the actual 'services

-4-

rendered' or 'time spent complying with the requested discovery.'" Mannarino, 218 F.R.D. at 375.

Plaintiff contends that it is reasonable for Pollini to charge a flat fee for deposition testimony because he is unavailable to do other work on the day of the deposition. See Pl. Mot. at 4. But the same logic applies to the twenty hours spent *preparing* on his own and with plaintiff's counsel in the week preceding the deposition, and Pollini does not seek a flat fee for that time. In any event, plaintiff conveniently ignores that Pollini charges this flat fee regardless of the length of the deposition, which necessarily would have an effect on whether he was available to do other work on the day of a deposition.

Plaintiff also argues that the $2500 flat fee is reasonable because, in essence, Pollini spent twelve hours of that day either traveling to, preparing for, or attending his deposition, which yields an effective hourly rate only slightly higher than $200. See Pl. Mot. at 4. But the fact that the agreed-upon hourly rate multiplied by the number of hours actually incurred in this particular instance happens to approximate the requested flat-rate fee does not render the use of a flat flee more reasonable. See Mannarino, 218 F.R.D. 372 at 375 ("That the bottom line of the [expert's] bill approximates the amount sought here is purely coincidental, and does not make [the expert's] flat fee any more reasonable"); cf. Marin, 2008 WL 5351935, at *1 ("In general, it is not reasonable to request a flat fee for deposition testimony regardless of the number of hours actually spent.") (collecting cases).

Therefore, the Court declines to award Pollini a flat fee, but, rather, will award an hourly rate of $200 for the reasonable time incurred.

## B. Meetings with Plaintiff's Counsel

Defendants also object to compensating Pollini for the time he spent meeting with plaintiff's counsel. See Def. Opp. at 3 ("Compensable time encompasses time spent to review the record in advance of the deposition, but does not include time spent by the expert in conference with the attorney who retained him.") (citing cases). Defendants note that courts have refused to shift the cost of time spent in counsel meetings, because those meetings "may well include what is trial preparation work for the party retaining the expert." Id. (collecting cases).

Citing Pollini's declaration submitted in support of the pending motion, plaintiff counters that Pollini spent eight hours with plaintiff's counsel in order to prepare Pollini for his deposition. See Reply in Support (June 5, 2015) ("Pl. Reply"), DE #108. Indeed, Pollini's declaration states that he spent six hours preparing for his deposition with plaintiff's counsel five days prior to the deposition, see Pollini Decl. ¶ 7, and two additional hours preparing with counsel the morning of, see id. ¶ 8. This declaration, created in May 2015, see Pollini Decl. ¶ 9, is, however, inconsistent with Pollini's deposition testimony, taken in December 2014, see Deposition Transcript of Joseph Pollini (Dec. 19, 2014) ("Pollini Tr."), DE #107-1.

Specifically, Pollini testified that he and plaintiff's counsel "discussed the important components of the *entire* case, as opposed to just specifically the deposition . . . ." See Pollini Tr. at 61 (emphasis added). Pollini later confirmed that the scope of his meetings with plaintiff's counsel went beyond the deposition. See id. at 62 ("I believe, it was all the substance of the case, not how necessarily to respond to a question, he's not going to tell me

how to respond to a question, I'm responding based on the factual information of the case, so we reviewed important components of the case."). In this circumstance, the Court opts to disregard Pollini's recent declaration and to credit his nearly contemporaneous characterization of his discussions with plaintiff's counsel, as recounted in his sworn deposition testimony. Cf. Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001) ("[F]actual allegations that might otherwise defeat a motion for summary judgment will not be permitted to do so when they are made for the first time in the plaintiff's affidavit opposing summary judgment and that affidavit contradicts her own prior deposition testimony.") (collecting cases).

It is plaintiff who bears the burden on his motion, and the Court is not persuaded that the number of hours Pollini spent with plaintiff's counsel should qualify for fee-shifting under Rule 26(b)(4)(E). Based on Pollini's testimony, it seems likely that the purpose of the meetings was to discuss the case in general in order to educate counsel and prepare for trial[2] — time that should not be charged to an opponent under the guise of Rule 26(b)(4)(E). See New York v. Solvent Chem. Co., 210 F.R.D. 462, 471 (W.D.N.Y. 2002) (noting that the time an expert spends educating counsel triggers a "caveat" from the general rule that experts are compensated for preparation time) (citing Magee, 172 F.R.D. at 647); see also Ndubizu v. Drexel Univ., No. 07-CV-3068, 2011 WL 6046816, at *7 (E.D. Pa. Nov. 16, 2011), adopted, 2011 WL 6058009 (E.D. Pa. Dec. 6, 2011) (plaintiff need not pay defendants' expert for the five hours he spent with defense counsel, as there was a "risk" that it was merely trial

---

[2] Plaintiff's argument that the meetings could not constitute trial preparation because the District Court had not yet set a trial date exalts form over substance. See Pl. Reply at 3 n.4.

preparation); Rhee v. Witco Chem. Corp., 126 F.R.D. 45, 47 (N.D. Ill. 1989) ("One party need not pay for the other's trial preparation.").

To be sure, on reply, plaintiff cites an out-of-circuit decision from the District of Columbia to support his position that preparation with counsel is recoverable under Rule 26(b)(4)(E). See Pl. Reply at 3 (citing Schmidt v. Solis, 272 F.R.D. 1, 2-3 (D.D.C. 2010)). In Schmidt, the court, citing no case law, opined as follows: "[T]hat a lawyer will prepare the expert and consume some of her time is such a certainty that it should always be considered a form of 'responding to discovery' under the pertinent rule, and should always be paid by the party who is taking the deposition, whatever her motive, intent or purpose." See id. at 3. But merely because lawyer preparation prior to an expert deposition is a certainty does not mean it is appropriate to shift those costs to the opponent under Rule 26(b)(4)(E). Indeed, an attorney who runs through practice question-and-answer sessions with an expert often does so for the purpose of pinpointing the most supportive testimony and avoiding future impeachment — as opposed to familiarizing the witness with the deposition process.

In any event, Schmidt is factually distinguishable from the instant matter. Here, unlike in Schmidt, Pollini's testimony reflects that the hours he spent with plaintiff's counsel were not limited to preparation for the deposition. Notably, although defendants' opposition specifically challenged plaintiff's demand for reimbursement for counsel meetings, plaintiff's reply does not include a declaration from counsel or a supplemental declaration from Pollini seeking to quantify how the meeting hours were spent or otherwise denying that the meetings were

essentially for the benefit of plaintiff and his counsel.³

In the absence of such quantification, the Court declines to require defendants to compensate Pollini for the eight hours he spent meeting with plaintiff's counsel.

**C.    Excessive Hours For Preparation**

Plaintiff also seeks compensation for Pollini for the time he spent on his own in preparation for the deposition. As an initial matter, defendants do not object to Pollini's regular hourly rate of $200. See Def. Opp. at 1 n.1 (arguing that Pollini should not be allowed a rate of more than $200 per hour); Pl. Mot. at 3. They, however, do take issue with the number of hours Pollini spent preparing on his own for his deposition. See Def. Opp. at 3-4.

According to Pollini's invoice, he spent fourteen hours reviewing records, including police reports and deposition materials that he previously reviewed in connection with his expert report, served two months earlier. See Invoice; Def. Opp. at 3. Defendants contend that Pollini should have limited his preparation to "reviewing his own report and his contemporaneous notes in order to refresh his recollection." See Def. Opp. at 4; see also Reply in Opposition (June 19, 2015) ("Def. Sur-Reply") at 1, DE #113 ("The only legitimate

---

³ The Southern District of New York opinion cited by plaintiff does not warrant a different conclusion. See Pl. Reply at 3 (citing E.E.O.C. v. Johnson & Higgins, Inc., No. 93 Civ. 5481, 1999 WL 32909, at *2 (S.D.N.Y. Jan. 21, 1999)). Specifically, plaintiff contends that the Johnson court, "recognizing a distinction between time an expert spends preparing or educating the retaining attorney and the time the expert spends with the retaining attorney in preparation for the expert's own deposition, found the latter compensable." See Pl. Reply at 3. As an initial matter, it is unclear from the opinion whether the "preparation" time the court found compensable under Rule 26(b)(4)(E) was, in fact, time the expert spent meeting with counsel. See Johnson & Higgins, 1999 WL 32909, at *2. Nevertheless, even if plaintiff properly characterized the Johnson holding, it is still factually distinct from this matter, where Pollini's testimony suggests that the scope of his meetings with counsel was broader than deposition preparation.

preparation time to be compensated by defendants was the time expended for Pollini to refresh his recollection as to his opinions that he had previously formulated and that were set forth in his report."). Defendants offer no legal support, or persuasive argument, for imposing such a categorical limit on Rule 26(b)(4)(E) reimbursement: it is not unreasonable for an expert, who is to be cross-examined at a deposition about opinions expressed in a report, to review the underlying materials on which those opinions are based.

Nevertheless, while the Court declines to impose a categorical limit on the type of record review that warrants reimbursement under Rule 26(b)(4)(E), that is not to say that the record review in this case was therefore reasonable. In preparation for drafting his expert report, Pollini spent an estimated 12 to 17 hours reviewing the record. Two months later, Pollini spent 14 hours reviewing nearly the exact same materials to prepare for his deposition. See Supplemental Deposition Testimony of Joseph Pollini at 22-23, DE#113. While Pollini need not merely review his report and contemporaneous notes as defendants suggest, the latter, duplicative record review appears to be excessive, especially in light of Pollini's decades of experience with police practices, his prior experience testifying as an expert, and the fact that the issues in the case are not especially technical or complex. See Mannarino, 218 F.R.D. at 376 (reducing expert's request for eight hours of preparation time to four hours, where expert reviewed the same materials that he did in preparing his expert report a few months prior).[4]

---

[4] In addition to the number of hours, defendants complain about the vague and non-contemporaneous nature of Pollini's invoice descriptions. See Def. Opp. at 3 n.5. While Pollini's descriptions are lacking in detail, defendants do not dispute plaintiff's assertion that the reviewed materials were voluminous. See Pl. Reply at 2 (noting that, among other things, Pollini reviewed five full deposition transcripts and dozens of exhibits).

Therefore, in its discretion, the Court concludes that a reasonable fee under these circumstances compensates for ten hours of preparation time and eight hours of deposition time, at $200 per hour, or $3600, plus two hours of travel time at $100 per hour, or $200, for a total of $3,800. See, e.g., Mannarino, 218 F.R.D. at 377 ("The general rule, which this court follows, is that compensation for travel time should be half the regular hourly amount charged") (collecting cases).

## CONCLUSION

For the reasons stated above, the Court directs that the defendants pay $3,800 in connection with Pollini's deposition, representing $3,600 for ten hours of preparation time and eight hours of deposition time, plus $200 for travel time. The Court declines to award a flat fee or to require reimbursement for time Pollini spent meeting with plaintiff's counsel.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**July 21, 2015**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**