UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN NNODIMELE,<br><br>Plaintiff,<br><br>-against-<br><br>DONALD DERIENZO and EDWARD GARRITY,<br><br>Defendants. | 13 Civ. 3461 (ARR)(RLM) |

**JOINT PRE-TRIAL ORDER**

Pursuant to Federal Rule of Civil Procedure 16 and this Court's Individual Practices and Rules, the parties, having conferred with each other, adopt the following as the Pre-Trial Order herein:

## I. CAPTION

*Martin Nnodimele v. Donald DeRienzo and Edward Garrity*, Case No. 13 Civ. 3461 (ARR)(RLM).

## II. TRIAL COUNSEL

The names, addresses, email addresses, telephone and fax numbers of trial counsel are as follows:

For Plaintiff Martin Nnodimele:

Joel B. Rudin, Esq.
Haran Tae, Esq.
Law Offices of Joel B. Rudin, P.C.
600 Fifth Avenue, 10th Floor
New York, NY 10020
Tel. No.: (212) 752-7600
Fax No.: (212) 980-2968
Email: jbrudin@rudinlaw.com
htae@rudinlaw.com

Ilann M. Maazel, Esq.
Samuel Shapiro, Esq.
Emery Celli Brinckerhoff & Abady LLP
600 Fifth Avenue, 10th Floor.
New York, NY 10020
Tel. No.: (212) 763-5000
Fax No.: (212) 763-5001
Email: imaazel@ecbalaw.com
sshapiro@ecbalaw.com

For Defendants Donald DeRienzo and Edward Garrity:

Susan Scharfstein, Esq.
Karl Ashanti, Esq.
New York City Law Department
100 Church Street
New York, NY 10007
Tel. No.: (212) 356-2371
Fax No.: (212) 788-9776
Email: sscharfs@law.nyc.gov
kashanti@law.nyc.gov

## III. JURISDICTION

### A. Plaintiff's Statement as to Jurisdiction

The Court's jurisdiction over the subject matter of this action is predicated on 28 U.S.C. §§ 1331 and 1343(a)(3) because the action arises under the Constitution and laws of the United States. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### B. Defendants' Statement as to Jurisdiction

Defendants do not contest jurisdiction.

## IV. JURY TRIAL AND NUMBER OF TRIAL DAYS NEEDED

This case will be tried before a jury. The parties estimate that seven to ten trial days will be necessary.

## V. TRIAL BY A MAGISTRATE JUDGE

The parties have not consented to trial by a magistrate judge.

## VI. TRIAL MEMORANDUM

The parties' trial memoranda are being filed concurrently with this Pre-Trial Order.

## VII. DAMAGES AND RELIEF

Plaintiff seeks non-economic compensatory damages and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs.

## VIII. STIPULATIONS

The parties have not agreed upon any factual stipulations.

## IX. WITNESSES

Each party provides its list of witnesses to be offered in its case-in-chief subject to the following reservation of rights:

a. Each party reserves the right not to offer the testimony of any designated witness.

b. Each party reserves the right to offer live or deposition testimony (where authorized by Fed. R. Civ. P. 32) of any witness designated by any other party.

c. Each party reserves the right to offer live or deposition testimony from rebuttal witnesses.

### A. Plaintiff's Witnesses

Fact Witnesses

1. Martin Nnodimele
c/o Law Offices of Joel B. Rudin, P.C.
600 Fifth Avenue, 10th Floor
New York, NY 10020

- Mr. Nnodimele will testify concerning his life before, during, and after his incarceration. He will also testify about his arrest, prosecution, and conviction, as well as the damages he sustained as a result of his arrest, prosecution, and conviction. He will further testify that he was employed by Lenny Person during November 2007, that he was

mugged on November 21, 2007 causing his face to be temporarily deformed, and that he never made the self-identifying statements Defendants claim he made.

2. Det. Edward Garrity
c/o New York City Law Department
100 Church Avenue
New York, NY 10007

- Det. Garrity will testify concerning his encounter with Mr. Nnodimele at the Bellevue men's homeless shelter on December 9, 2007, his arrest of Mr. Nnodimele, statements he made to ADA Charles Whitt, testimony he gave at Mr. Nnodimele's criminal trial, and the training he received with respect to recording a suspect's statements.

3. Det. Eli Torres
c/o New York City Law Department
100 Church Avenue
New York, NY 10007

- Det. Torres will testify about his trip to the Bellevue men's homeless shelter on December 9, 2007 with Det. Garrity and Det. Churla, that he did not hear Mr. Nnodimele identify himself as the person depicted in the photograph on the wanted poster, that he was neither interviewed by the District Attorney's office nor called as a witness at Mr. Nnodimele's criminal trial, and about the training he received with respect to recording a suspect's statements.

4. Det. Daniel Churla
c/o New York City Law Department
100 Church Avenue
New York, NY 10007

- Det. Churla will testify about his trip to the Bellevue men's homeless shelter on December 9, 2007 with Det. Garrity and Det. Torres, that he did not hear Mr. Nnodimele identify himself as the person depicted in the photograph on the wanted poster, that he was neither interviewed by the District Attorney's office nor called as a witness at Mr. Nnodimele's criminal trial, and about the training he received with respect to recording a suspect's statements.

5. Det. Donald DeRienzo
c/o New York City Law Department
100 Church Avenue
New York, NY 10007

- Det. DeRienzo will testify about his investigation into four robberies that occurred at retail stores in Manhattan in November 2007, including the information known to investigators, lineups that he conducted in connection with his investigation, his role in the arrest and prosecution of Mr. Nnodimele, the statements and materials that he disclosed to ADA Charles Whitt, and the training he received with respect to conducting lineups, recording a suspect's statements, and providing evidence to a prosecutor.

6. Lt. Jerry Caicedo
c/o New York City Law Department
100 Church Avenue
New York, NY 10007

- Lt. Caicedo, who supervised Dets. DeRienzo and Garrity in December 2007, will testify about his role in the investigation into the four robberies that occurred in November 2007, his role in the arrest and

prosecution of Mr. Nnodimele, what he was told by Det. DeRienzo and Det. Garrity with respect to the investigation and the arrest, training he received with respect to lineups and recording a suspect's statements, and what he expected detectives who reported to him—including Dets. DeRienzo and Garrity—to document during the course of an investigation.

7. Kathleen Boyle[1]
409 Waterton Court
Brentwood, TN 37027

- Ms. Boyle will testify concerning her background, her work at Caravan on November 20, 2007, the robbery at Caravan she witnessed on that day, her observation of the perpetrator, her description of the perpetrator's height and appearance, her cooperation with the police investigation into the robbery, her statement to Det. DeRienzo that the person depicted in a wanted poster was the same individual who committed the Caravan robbery, the lineup she viewed at the Manhattan Robbery Squad on December 10, 2007 in which she did not recognize anyone in the lineup, and her statement to Det. DeRienzo that the person who robbed Caravan was definitely not in position one of the lineup.

[1] Defendants object to this witness being called to testify at trial as plaintiff has failed to produce her for a deposition. Defendants will consider withdrawal of this objection if defendants are given the opportunity to depose her prior to trial.
**Plaintiff's Response:** Defendants' objection, made for the first time at 6:07 p.m. on the date the pretrial order is due (May 19), is not in good faith. Ms. Boyle is a third party witness outside Plaintiff's control; Plaintiff had no obligation or ability to "produce" her; Plaintiff identified her in Rule 26 disclosures on November 15, **2013**; in all these years, Defendants made no attempt to depose Ms. Boyle nor even noticed her deposition; discovery has long ended; and they have waived any right they had to depose this witness.

8. Seema Iyer[2]
350 Broadway #1000
New York, NY 10013

- Ms. Iyer, Mr. Nnodimele's criminal defense attorney, will testify concerning what she did and did not receive from the People in connection with Mr. Nnodimele's criminal trial, the prosecution's failure to disclose and produce evidence that was favorable to Mr. Nnodimele concerning Kathleen Boyle, the events that occurred at Mr. Nnodimele's pre-trial hearing and criminal trial, the People's use of Mr. Nnodimele's alleged self-identification statements at his criminal trial, and about the importance to the defense of the evidence concerning Ms. Boyle and the alleged self-identification statements.

9. Jonathan Kirshbaum[3]
411 E. Bonneville Ave., Suite 250
Las Vegas, NV 89101

- Mr. Kirshbaum was an attorney at the Center for Appellate Litigation ("CAL"). He will testify concerning the CPL § 440.10 motion CAL filed on Mr. Nnodimele's behalf and the grounds for the motion, and the Manhattan District Attorney's actions in connection with vacating

---

[2] Defendants object to this witness being called to testify at trial as plaintiff has failed to produce her for a deposition. Defendants will consider withdrawal of this objection if defendants are given the opportunity to depose her prior to trial.
**Plaintiff's Response:** Defendants' objection, made for the first time at 6:07 p.m. on the date the pretrial order is due (May 19), is not in good faith. Ms. Iyer is a third party witness outside Plaintiff's control; Plaintiff had no obligation or ability to "produce" her; Plaintiff identified her in Rule 26 disclosures on November 15, **2013**; in all these years, Defendants made no attempt to depose Ms. Iyer nor even noticed her deposition; discovery has long ended; and they have waived any right they had to depose this witness.

[3] Defendants reserve the right to depose this witness if their motion to exclude him from trial is denied.
**Plaintiff's Response:** Defendants' objection, made for the first time at 6:07 p.m. on the date the pretrial order is due (May 19), is not in good faith. Defendants made no attempt to depose Mr. Kirshbaum during discovery, and long ago waived any right they had to depose this witness.

Mr. Nnodimele's conviction and ultimately dismissing the indictment against Mr. Nnodimele.

10. Claudia Trupp[4]
120 Wall St., 28th Floor
New York, NY 10005

- Ms. Trupp was an attorney at CAL. She will testify concerning the CPL § 440.10 motion CAL filed on Mr. Nnodimele's behalf and the grounds for the motion, and the Manhattan District Attorney's actions in connection with vacating Mr. Nnodimele's conviction and ultimately dismissing the indictment against Mr. Nnodimele.

11. ADA Bonnie Sard
One Hogan Place
New York, NY 10013

- Ms. Sard was the Chief of the Manhattan District Attorney's Conviction Integrity Unit. She will testify concerning the Manhattan District Attorney's actions in connection with vacating Mr. Nnodimele's conviction and ultimately dismissing the indictment against Mr. Nnodimele.

Expert Witnesses

12. James Pollini
107-24 71 Road, PH2C
Forest Hills, NY 11375

[4] Defendants reserve the right to depose this witness if their motion to exclude her from trial is denied. **Plaintiff's Response:** Defendants' objection, made for the first time at 6:07 p.m. on the date the pretrial order is due (May 19), is not in good faith. Defendants made no attempt to depose Ms. Trupp during discovery, and long ago waived any right they had to depose this witness.

- Mr. Pollini will testify as Plaintiff's police practices expert. Mr. Pollini will testify that Dets. DeRienzo and Garrity failed to abide by accepted police practices and procedures.

13. Richard G. Dudley, M.D.
210 W. 101 Street, Suite 11K
New York, NY 10025

- Dr. Dudley will testify as Plaintiff's psychiatric expert. Dr. Dudley will testify about his psychiatric findings with respect to Mr. Nnodimele's injuries.

**B. <u>Defendants' Witnesses</u>**

<u>Fact Witnesses</u>

1. Det. Edward Garrity
c/o New York City Law Department
100 Church Avenue
New York, NY 10007

- Det. Garrity is a defendant in this case and is expected to testify in person regarding the facts and circumstances surrounding the robbery investigation, plaintiff's arrest, plaintiff's criminal trial and related dealings with the Manhattan District Attorney's office.

2. Det. Eli Torres
c/o New York City Law Department
100 Church Avenue
New York, NY 10007

- Det. Torres is expected to testify concerning his trip to the Bellevue men's homeless shelter on December 9, 2007 with Det. Garrity and Det. Churla and plaintiff's subsequent arrest.

3. Det. Daniel Churla
c/o New York City Law Department

100 Church Avenue
New York, NY 10007

- Det. Churla is expected to testify concerning his trip to the Bellevue men's homeless shelter on December 9, 2007 with Det. Garrity and Det. Torres and plaintiff's subsequent arrest.

4. Det. Donald DeRienzo
c/o New York City Law Department
100 Church Avenue
New York, NY 10007

- Det. DeRienzo is a defendant in this case and is expected to testify in person regarding the facts and circumstances surrounding the robbery investigation, plaintiff's arrest, plaintiff's criminal trial and related dealings with the Manhattan District Attorney's officer.

5. Lt. Jerry Caicedo
c/o New York City Law Department
100 Church Avenue
New York, NY 10007

- Lt. Caicedo was the supervisor of Detective Garrity and Detective DeRienzo in December 2007. He is expected to testify in person regarding the facts and circumstances surrounding the robbery investigation and plaintiff's arrest.

6. ADA Bonnie Sard
One Hogan Place
New York, NY 10013

- Ms. Sard was the Chief of the Manhattan District Attorney's Conviction Integrity Unit. She is expected to testify concerning her unit's re-investigation of plaintiff's criminal case and its finding concerning plaintiff's actual innocence, or lack thereof.

7. ADA Joshua Steinglass
One Hogan Place
New York, NY 10013

- Mr. Steinglass was a member of the Manhattan District Attorney's Conviction Integrity Unit and the lead counsel for that unit's re-investigation of plaintiff's criminal case. He is expected to testify concerning the unit's re-investigation of plaintiff's criminal case and its finding concerning plaintiff's actual innocence, or lack thereof.

8. ADA Charles Whitt
One Hogan Place
New York, NY 10013

- Mr. Whitt was the lead prosecutor of plaintiff's criminal case. He is expected to testify concerning the district attorney's prosecution of plaintiff's criminal case, his communications with Detective Garrity and Detective DeRienzo concerning such prosecution and the documents and information he received from the detectives prior to plaintiff's criminal trial.

9. Captain David Eddie
PATH Facility, Department of Homeless Services
151st Street, Bronx, N.Y.

- Captain Eddie was the supervisor on duty at the Atlantic Avenue Homeless Shelter at the time plaintiff was identified as matching the perpetrator shown in the photograph placed on the wanted poster associated with the pattern of robberies for which plaintiff was prosecuted. He is expected to testify concerning the measures he took to assist with NYPD's investigation thereof.

10. Officer Yvonne Hughes
Department of Homeless Services
33 Beaver Street, New York, N.Y.

- Officer Hughes was a peace officer employed by the Department of Homeless Services who was on duty at the Atlantic Avenue Homeless Shelter at the time she observed the photograph placed on the wanted poster associated with the pattern of robberies for which plaintiff was prosecuted. She is expected to testify concerning her identification of plaintiff as the perpetrator depicted in the wanted poster and the steps she took after such identification.

11. Sergeant Julia Lugo
Department of Homeless Services
33 Beaver Street, New York, N.Y.

- Sergeant Lugo was a peace officer employed by the Department of Homeless Services who was on duty at the Atlantic Avenue Homeless Shelter at the time she observed the photograph placed on the wanted poster associated with the pattern of robberies for which plaintiff was prosecuted. She is expected to testify concerning her identification of plaintiff as the perpetrator depicted in the wanted poster and the steps she took after such identification.

12. Officer Vanessa Cordero
Department of Homeless Services
33 Beaver Street, New York, N.Y.

- Officer Cordero was a peace officer employed by the Department of Homeless Services who was on duty at the Atlantic Avenue Homeless Shelter at the time Detective Churla, Detective Torres and Detective

Garrity arrived there. She is expected to testify concerning her report of the identification of plaintiff as the perpetrator depicted in the wanted poster.

Expert Witnesses

13. John Monaghan
4 Monsignor Brady Court, Blauvelt, N.Y. 10913
Forest Hills, NY 11375

- Mr. Monaghan is offered a rebuttal police practices expert and is expected to testify that Detective DeRienzo and Detective Garrity followed accepted police practices and procedures during the course of their criminal investigation of plaintiff.

14. Steven Fayer, M.D.
169 East 74th Street
New York, NY 10021

- Dr. Fayer will testify as defendants' psychiatric expert. Dr. Fayer will testify about his psychiatric findings with respect to plaintiff's alleged injuries.

**X. DEPOSITION TESTIMONY**

Plaintiff does not anticipate the need to present deposition testimony instead of live testimony during his case-in-chief. Plaintiff reserves the right to use deposition testimony for impeachment purposes, in rebuttal, and to the extent a live witness listed in the Joint Pre-Trial Order is not called at trial.

Defendants respectfully reserve the right to utilize deposition testimony in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure ("FRCP")

should it become necessary, including, but not limited to impeachment and rebuttal, and object to plaintiff's use of deposition testimony for any purpose not authorized under the FRCP.

## XI. EXHIBITS

Each party provides its list of trial exhibits subject to the following reservations of rights:

a. Each party reserves the right not to offer any of the exhibits listed below, or to offer all or any portion of an exhibit.

b. Each party reserves the right to offer and use any of the exhibits for more than one purpose.

c. Each party reserves the right to offer any exhibit designated by any other party to this Pre-Trial Order.

d. Each party reserves the right to offer additional exhibits at trial for purposes of impeachment, rebuttal, or rehabilitation, including but not limited to any and all transcripts of depositions conducted in this matter, or any portion thereof.

e. Each party reserves the right to offer, for good cause shown, additional exhibits following the submission of this Pre-Trial Order, including, but not limited to, documents subsequently provided in discovery.

f. Each party reserves the right to use demonstrative aids not listed herein at trial, and will undertake to advise the other parties and the Court of such aids as it intends to use at a reasonable time prior to trial.

The parties have identified their objections to each other's exhibits by indicating the number of the applicable Federal Rule of Evidence in the margin.

### A. <u>Plaintiff's Trial Exhibits</u>

| **Exhibit** | | **Description** | **Bates Number/ Exhibit** | **Objections** |
|---|---|---|---|---|
| PL | 1 | NYPD DD5 Report and Police Sketch, dated November 7, 2007 | DE 000364 and DE 000360 | Objection: FRE 402, 403 |
| PL | 2 | Detective Donald DeRienzo's handwritten notes | DE 000389 | |
| PL | 3 | NYPD Unusual Occurrence Report, dated November 14, 2007[5] | Nnodimele-000248 | Objection: FRE 402, 403 |

[5] Date of birth and address information of witness redacted.

| | | | | |
|---|---|---|---|---|
| PL | 4 | NYPD Complaint Report, dated November 14, 2007 | Nnodimele-000165-66 | Objection: FRE 402, 403 |
| PL | 5 | NYPD DD5 No. 2, dated November 14, 2007 | Nnodimele-000217 | Objection: FRE 402, 403 |
| PL | 6 | NYPD DD5 No. 1, dated November 14, 2007[6] | Nnodimele-000244 | Objection: FRE 402, 403 |
| PL | 7 | NYPD Sprint reports, dated November 14, 2007 | Nnodimele-000161-64 | Objection: FRE 402, 403 |
| PL | 8 | NYPD Sprint Reports, dated November 20, 2007 | Nnodimele-002135-37 | Objection: FRE 402, 403 |
| PL | 9 | NYPD Complaint Report, dated November 26, 2007[7] | DE 020126-29 | Objection: FRE 402, 403 |
| PL | 10 | NYPD Unusual Occurrence Report, dated November 26, 2007 | Nnodimele-002231 | Objection: FRE 402, 403 |
| PL | 11 | NYPD Wanted Poster, dated November 27, 2007 | DE 000154 A | |
| PL | 12 | NYPD Wanted Poster, dated November 28, 2007 | DE 000324 A | |
| PL | 13 | Detective Edward Garrity memo book entries, dated December 9 and December 10, 2007 | DE 000325-26 | Objection: FRE 402, 403 |
| PL | 14 | Kathleen Boyle Lineup Report, dated December 10, 2007 | Nnodimele-000008 | |
| PL | 15 | Fabiola Charles Lineup Report, dated December 10, 2007 | Nnodimele-000013 | |
| PL | 16 | Photograph of lineup conducted by Detective DeRienzo, dated December 10, 2007 | Nnodimele-000007 | |
| PL | 17 | Redacted version of NYPD Legal Bulletin, Vol. 12 No. 2, dated May 21, 1982, showing title of document and | Defendants' Deposition Exhibit E | Objection: FRE 402, 403 |

[6] Date of birth, cell phone information and address information of witness redacted.
[7] Address and cell phone information of witness redacted.

| | | | | |
|---|---|---|---|---|
| | | Lineup Procedure (pp. 3-4) | | |
| PL | 18 | NYPD Arrest Report, dated December 10, 2007[8] | Nnodimele-000253-54 | |
| PL | 19 | NYPD Unusual Occurrence Report, dated December 10, 2007[9] | Nnodimele-000223 | |
| PL | 20 | Felony Complaint, dated December 10, 2007 | Nnodimele-002244 | |
| PL | 21 | People v. Martin Nnodimele, Arraignment, dated December 11, 2007 | Nnodimele-003647-50 | Objection: FRE 402, 403 |
| PL | 22 | NYPD Lineup Report, dated February 20, 2008 | Nnodimele-000009 | |
| PL | 23 | NYPD Lineup Report, dated February 20, 2008 | Nnodimele-000010 | |
| PL | 24 | Photograph of February 20, 2008 Lineup | Nnodimele-000003 | |
| PL | 25 | Felony Complaint, dated February 21, 2008 | Nnodimele-002245 | Objection: FRE 402, 403 |
| PL | 26 | NYPD Detective Guide excerpt entitled "Evidence – General," dated September 11, 1981 | NYC0050874-75 | Objection: FRE 402, 403 |
| PL | 27 | Excerpts from NYPD Police Academy Student's Guide | DE 011503, DE 011508-13 | Objection: FRE 402, 403 |
| PL | 28 | NYPD Internal Memo: Request for Media Assistance, dated November 27, 2007 | Nnodimele-000200-01 | Objection: FRE 402, 403 |
| PL | 29 | 911 Call and Police Radio Transcriptions: Visio Optics | Nnodimele-000875-81 | Objection: FRE 402, 403 |
| PL | 30 | 911 Recording from Visio Robbery, 11/14/07 | CD. No. 5 of Plaintiff's CD Production to Defendants | Objection: FRE 402, 403 |
| PL | 31 | 911 Recording from Caravan Robbery, 11/20/07 | CD. No. 5 of Plaintiff's CD Production to Defendants | Objection: FRE 402, 403 |
| PL | 32 | 911 Recording from Ann Taylor Robbery, 11/26/07 | CD. No. 5 of Plaintiff's CD Production to Defendants | Objection: FRE 402, 403 |

[8] Plaintiff's social security number redacted.
[9] Plaintiff's criminal history redacted.

| | | | | |
|---|---|---|---|---|
| PL | 33 | Handwritten notes[10] | Nnodimele-000178 | Objection: FRE 402, 403 |
| PL | 34 | Detective notes[11] | Nnodimele-002112-19 | Objection: FRE 402, 403 |
| PL | 35 | Detective notes | DE 021156 and 58 | Objection: FRE 402, 403 |
| PL | 36 | Property Clerk's Invoice, dated December 17, 2007 | Nnodimele-002089, 90, 86 | |
| PL | 37 | NYPD Omniform Report, dated February 20, 2008 | Nnodimele-000249-50 | |
| PL | 38 | NYPD Internal Memo: Bullet Update for MRS Pattern # 177, dated December 10, 2007[12] | Nnodimele-000202-04 | |
| PL | 39 | People's Voluntary Disclosure Form, dated December 24, 2007 | Nnodimele-002023-27 | |
| PL | 40 | APS DA Datasheet, dated December 10, 2007 | Nnodimele-002242-43 | |
| PL | 41 | People's Rosario List, dated August 6, 2008 | Nnodimele-002234-35 | |
| PL | 42 | Select portions of letter to Judge Pickholz, dated September 12, 2011 | DE 21411-15 | Objection: FRE 402, 403 |
| PL | 43 | NYPD Patrol Guide: Identification Lineups/Showups | DE 000105-07 | Objection: FRE 402, 403 |
| PL | 44 | NYPD Complaint Follow-Up, dated December 11, 2007 | DE 000366 | |
| PL | 45 | NYPD Complaint Follow-Up, dated December 11, 2007 | DE 000367 | |
| PL | 46 | Case Information Sheet[13] | 00005426 | Objection: FRE 402, 403 |
| PL | 47 | APS DA Datasheet, dated February 21, 2008 | 00005428-29 | |
| PL | 48 | Receipts from Town of Hempstead Department of Sanitation, NJ Turnpike and Ikea, dated November 26, 2007 | Nnodimele-003800-01 | Objection: FRE 402, 403 |

[10] Plaintiff's NYSID number redacted.
[11] Plaintiff seeks to use an *unredacted* version of these notes as an exhibit and requests that Defendants produce an unredacted version of those notes as soon as possible.
[12] Plaintiff's criminal history and NYSID number redacted.
[13] Plaintiff's criminal history and NYSID number redacted.

| | | | | |
|---|---|---|---|---|
| PL | 49 | Receipts from Town of Hempstead, White Castle, NJ Turnpike, Ikea and Lincoln Tunnel, dated November 26, 2007 | DE 020037-DE 020044 | Objection: FRE 402, 403 |
| PL | 50 | American Express statement, dated November 28, 2007 | Nnodimele-003802 | Objection: FRE 402, 403 |
| PL | 51 | Grand Jury Charges, filed March 3, 2008 | Nnodimele-000001-2 | Objection: FRE 402, 403 |
| PL | 52 | Grand Jury Charges, filed December 27, 2007 | Nnodimele-004300-01 | Objection: FRE 402, 403 |
| PL | 53 | People's Voluntary Disclosure Form, dated February 29, 2008 | Nnodimele-002466-69 | |
| PL | 54 | People v. Martin Nnodimele, Pre-Trial Hearing, Trial, and Sentencing Transcripts, dated August 11-September 24, 2008[14] | C-000001-722 | |
| PL | 55 | Still photographs taken from Visio Optics Surveillance Video | | Objection: FRE 402, 403 |
| PL | 56 | Still photographs taken from Caravan Surveillance Video | | Objection: FRE 402, 403 |
| PL | 57 | Photos of Plaintiff's vouchered jacket and hat at time of arrest | | Objection: FRE 402, 403 |
| PL | 58 | Video of Visio Surveillance, Angle 1 | CD. No. 2 of Plaintiff's CD Production to Defendants | Objection: FRE 402, 403 |
| PL | 59 | Video of Visio Surveillance, Angle 2 | CD No. 2 of Plaintiff's CD Production to Defendants | Objection: FRE 402, 403 |
| PL | 60 | Photos of Plaintiff after arrest, including mug shots, taken in December 2007 | | Objection: FRE 402, 403 |
| PL | 61 | Photos of Plaintiff's Possessions at time of arrest | | Objection: FRE 402, 403 |
| PL | 62 | 17th Precinct Detective Squad Message re Visio Robbery | DE 000235 | Objection: FRE 402, 403 |
| PL | 63 | Interfaith Medical Records, dated November 21, 2007 | Nnodimele-Confidential-001822-29 | Objection: FRE 402, 403 |
| PL | 64 | Phoebe Ekironye Nnodimele's Funeral | Nnodimele- | Objection: FRE 402, |

[14] The parties intend to work together to determine which portions of these transcripts, if any, should be redacted.

| | | | | |
|---|---|---|---|---|
| | | Pamphlet, dated May 1, 2010 | 003395-3434 | 403 |
| PL | 65 | Video of Caravan Robbery, Angle 1 | CD No. 3 of Plaintiff's CD Production to Defendants | Objection: FRE 402, 403 |
| PL | 66 | Video of Caravan Robbery, Angle 2 | CD No. 3 of Production to Defendants | Objection: FRE 402, 403 |
| PL | 67 | Medical records from 3Visions PC | Nnodimele-003769-92 | Objection: FRE 402, 403 |
| PL | 68 | Medical records from Franklin Correctional Facility, dated February 11, 2013 | Nnodimele-004058-004103 | Objection: FRE 402, 403 |
| PL | 69 | Medical records from Wellness Works Mental Health Clinic, dated February 5, 2016 | Nnodimele-003978-4028 | Objection: FRE 402, 403 |
| PL | 70 | Medical records from NYC Correctional Health Services, dated January 24, 2014 | DE 011625-65 | Objection: FRE 402, 403 |
| PL | 71 | Medical records from Dr. Chalik, dated April 4, 2014 | Nnodimele-004225-49 | Objection: FRE 402, 403 |
| PL | 72 | Medical records from Dr. Ghumman, dated April 18, 2014 | Nnodimele-004250-99 | Objection: FRE 402, 403 |
| PL | 73 | NYPD Patrol Guide in effect in December 2007 | | Objection: FRE 402, 403 |
| PL | 74 | NYPD Detective Guide in effect in December 2007 | | Objection: FRE 402, 403 |
| PL | 75 | NYPD fax cover sheet from Detective DeRienzo to ADA Charles Witt, dated February 19, 2008 | DE 000287 | |
| PL | 76 | Excerpts from New York County District Attorney's Office Dismissal on Recommendation, dated June 14, 2012 | Nnodimele-000592-98 | Objection: FRE 402, 403 |
| PL | 77 | NYPD DD5 report, dated December 10, 2007, and Robbery Pattern Sheet | Nnodimele-000210; 196-97 | Objection: FRE 402, 403 |
| PL | 78 | People's Potential Witness List, People vs. Martin Nnodimele | Nnodimele-004302 | |
| PL | 79 | Decision & Order in People vs. Martin Nnodimele, dated September 14, 2011 | Nnodimele-004303 | |
| PL | 80 | Uniform Sentence & Commitment, dated September 29, 2008[15] | Nnodimele-004304 | |
| PL | 81 | Docket Sheet, People vs. Nnodimele | Nnodimele-004305-06 | |
| PL | 82 | People's Trial Exhibits 9-12 | Nnodimele-004308-11 | |

[15] Plaintiff's NYSID number redacted.

| | | | | |
|---|---|---|---|---|
| PL | 83 | NYPD Detective Guide: Lineup Identification Procedure, dated December 9, 2013 | Monaghan Deposition Ex. 3 | Objection: FRE 402, 403 |

**B. <u>Defendants' Trial Exhibits</u>**

| Exhibit | | Description | Bates Number/ Exhibit | Objections |
|---|---|---|---|---|
| DE | A | NYPD DD5 Report and Police Sketch, dated November 7, 2007 | DE 000364 and DE 000360 | |
| DE | B | Detective Donald DeRienzo's handwritten notes | DE 000389 | |
| DE | C | NYPD Unusual Occurrence Report, dated November 14, 2007[16] | Nnodimele-000248 | |
| DE | D | NYPD Complaint Report, dated November 14, 2007 | Nnodimele-000165-66 | |
| DE | E | NYPD DD5 No. 2, dated November 14, 2007 | Nnodimele-000217 | |
| DE | F | NYPD DD5 No. 1, dated November 14, 2007[17] | Nnodimele-000244 | |
| DE | G | NYPD Sprint reports, dated November 14, 2007 | Nnodimele-000161-64 | |
| DE | H | NYPD Sprint Reports, dated November 20, 2007 | Nnodimele-002135-37 | |
| DE | I | NYPD Complaint Report, dated November 26, 2007[18] | DE 020126-29 | |
| DE | J | NYPD Unusual Occurrence Report, dated November 26, 2007 | Nnodimele-002231 | |
| DE | K | NYPD Wanted Poster, dated November 27, 2007 | DE 000154 A | |
| DE | L | NYPD Wanted Poster, dated November 28, 2007 | DE 000324 A | |
| DE | M | Detective Edward Garrity memo book entries, dated December 9 and December 10, 2007 | DE 000325-26 | |
| DE | N | Kathleen Boyle Lineup Report, dated December 10, 2007 | Nnodimele-000008 | |
| DE | O | Fabiola Charles Lineup Report, dated December 10, 2007 | Nnodimele-000013 | |
| DE | P | Photograph of lineup conducted by Detective DeRienzo, dated | Nnodimele-000007 | |

| | | | | |
|---|---|---|---|---|
| | | December 10, 2007 | | |
| DE | Q | Redacted version of NYPD Legal Bulletin, Vol. 12 No. 2, dated May 21, 1982, showing title of document and Lineup Procedure (pp. 3-4) | Defendants' Deposition Exhibit E | |
| DE | R | NYPD Arrest Report, dated December 10, 2007[19] | Nnodimele-000253-54 | |
| DE | S | NYPD Unusual Occurrence Report, dated December 10, 2007[20] | Nnodimele-000223 | |
| DE | T | Felony Complaint, dated December 10, 2007 | Nnodimele-002244 | |
| DE | U | People v. Martin Nnodimele, Arraignment, dated December 11, 2007 | Nnodimele-003647-50 | |
| DE | V | NYPD Lineup Report, dated February 20, 2008 | Nnodimele-000009 | |
| DE | W | NYPD Lineup Report, dated February 20, 2008 | Nnodimele-000010 | |
| DE | X | Photograph of February 20, 2008 Lineup | Nnodimele-000003 | |
| DE | Y | Felony Complaint, dated February 21, 2008 | Nnodimele-002245 | |
| DE | Z | NYPD Detective Guide excerpt entitled "Evidence – General," dated September 11, 1981 | NYC0050874-75 | |
| DE | AA | Excerpts from NYPD Police Academy Student's Guide | DE 011503, DE 011508-13 | |
| DE | BB | NYPD Internal Memo: Request for Media Assistance, dated November 27, 2007 | Nnodimele-000200-01 | |
| DE | CC | 911 Call and Police Radio Transcriptions: Visio Optics | Nnodimele-000875-81 | |
| DE | DD | 911 Recording from Visio Robbery, 11/14/07 | CD. No. 5 of Plaintiff's CD Production to Defendants | |
| DE | EE | 911 Recording from Caravan Robbery, 11/20/07 | CD. No. 5 of Plaintiff's CD Production to Defendants | |
| DE | FF | 911 Recording from Ann Taylor Robbery, 11/26/07 | CD. No. 5 of Plaintiff's CD Production to | |

| | | | | |
|---|---|---|---|---|
| | | | Defendants | |
| DE | GG | Handwritten notes | Nnodimele-000178 | |
| DE | HH | Detective notes | Nnodimele-002112-19 | |
| DE | II | Detective notes | DE 021156 and 58 | |
| DE | JJ | Property Clerk's Invoice, dated December 17, 2007 | Nnodimele-002089, 90, 86 | |
| DE | KK | NYPD Omniform Report, dated February 20, 2008 | Nnodimele-000249-50 | |
| DE | LL | NYPD Internal Memo: Bullet Update for MRS Pattern # 177, dated December 10, 2007[21] | Nnodimele-000202-04 | |
| DE | MM | People's Voluntary Disclosure Form, dated December 24, 2007 | Nnodimele-002023-27 | |
| DE | NN | APS DA Datasheet, dated December 10, 2007 | Nnodimele-002242-43 | |
| DE | OO | People's Rosario List, dated August 6, 2008 | Nnodimele-002234-35 | |
| DE | PP | Select portions of letter to Judge Pickholz, dated September 12, 2011 | DE 21411-15 | Objection, depending on selected portions, FRE 401-403, 701 |
| DE | QQ | NYPD Patrol Guide: Identification Lineups/Showups | DE 000105-07 | |
| DE | RR | NYPD Complaint Follow-Up, dated December 11, 2007 | DE 000366 | |
| DE | SS | NYPD Complaint Follow-Up, dated December 11, 2007 | DE 000367 | |
| DE | TT | Case Information Sheet[22] | 00005426 | |
| DE | UU | APS DA Datasheet, dated February 21, 2008 | 00005428-29 | |
| DE | VV | Receipts from Town of Hempstead Department of Sanitation, NJ Turnpike and Ikea, dated November 26, 2007 | Nnodimele-003800-01 | |
| DE | WW | Receipts from Town of Hempstead, White Castle, NJ Turnpike, Ikea and Lincoln Tunnel, dated November 26, 2007 | DE 020037-DE 020044 | |

| | | | | |
|---|---|---|---|---|
| DE | XX | American Express statement, dated November 28, 2007 | Nnodimele-003802 | |
| DE | YY | Grand Jury Charges, filed March 3, 2008 | Nnodimele-000001-2 | |
| DE | ZZ | Grand Jury Charges, filed December 27, 2007 | Nnodimele-004300-01 | |
| DE | AAA | People's Voluntary Disclosure Form, dated February 29, 2008 | Nnodimele-002466-69 | |
| DE | BBB | People v. Martin Nnodimele, Pre-Trial Hearing, Trial, and Sentencing Transcripts, dated August 11-September 24, 2008[23] | C-000001-722 | |
| DE | CCC | Still photographs taken from Visio Optics Surveillance Video | | |
| DE | DDD | Still photographs taken from Caravan Surveillance Video | | |
| DE | EEE | Photos of Plaintiff's vouchered jacket and hat at time of arrest | | |
| DE | FFF | Video of Visio Surveillance, Angle 1 | CD. No. 2 of Plaintiff's CD Production to Defendants | |
| DE | GGG | Video of Visio Surveillance, Angle 2 | CD No. 2 of Plaintiff's CD Production to Defendants | |
| DE | HHH | Photos of Plaintiff after arrest, including mug shots, taken in December 2007 | | |
| DE | IIII | Photos of Plaintiff's Possessions at time of arrest | | |
| DE | JJJ | 17th Precinct Detective Squad Message re Visio Robbery | DE 000235 | |
| DE | KKK | Interfaith Medical Records, dated November 21, 2007 | Nnodimele-Confidential-001822-29 | |
| DE | LLL | Phoebe Ekironye Nnodimele's Funeral Pamphlet, dated May 1, 2010 | Nnodimele-003395-3434 | |
| DE | MMM | Video of Caravan Robbery, Angle 1 | CD No. 3 of Plaintiff's CD Production to Defendants | |

[23] The parties intend to work together to determine which portions of these transcripts, if any, should be redacted.

| | | | | |
|---|---|---|---|---|
| DE | NNN | Video of Caravan Robbery, Angle 2 | CD No. 3 of Production to Defendants | |
| DE | OOO | Medical records from 3Visions PC | Nnodimele-003769-92 | |
| DE | PPP | Medical records from Franklin Correctional Facility, dated February 11, 2013 | Nnodimele-004058-004103 | |
| DE | QQQ | Medical records from Wellness Works Mental Health Clinic, dated February 5, 2016 | Nnodimele-003978-4028 | |
| DE | RRR | Medical records from NYC Correctional Health Services, dated January 24, 2014 | DE 011625-65 | |
| DE | SSS | Medical records from Dr. Chalik, dated April 4, 2014 | Nnodimele-004225-49 | |
| DE | TTT | Medical records from Dr. Ghumman, dated April 18, 2014 | Nnodimele-004250-99 | |
| DE | UUU | NYPD Patrol Guide in effect in December 2007 | | |
| DE | VVV | NYPD Detective Guide in effect in December 2007 | | |
| DE | WWW | NYPD fax cover sheet from Detective DeRienzo to ADA Charles Witt, dated February 19, 2008 | DE 000287 | |
| DE | XXX | Excerpts from New York County District Attorney's Office Dismissal on Recommendation, dated June 14, 2012 | Nnodimele-000592-98 | Objection, depending on selected portions, FRE 401-403, 701 |
| DE | YYY | NYPD DD5 report, dated December 10, 2007, and Robbery Pattern Sheet | Nnodimele-000210; 196-97 | |
| DE | ZZZ | People's Potential Witness List, People vs. Martin Nnodimele | Nnodimele-004302 | |
| DE | AAAA | Decision & Order in People vs. Martin Nnodimele, dated September 14, 2011 | Nnodimele-004303 | |
| DE | BBBB | Uniform Sentence & Commitment, dated September 29, 2008 | Nnodimele-004304 | |
| DE | CCCC | Docket Sheet, People vs. Nnodimele | Nnodimele-004305-06 | |
| DE | DDDD | People's Trial Exhibits 9-12 | Nnodimele-004308-11 | |
| DE | EEEE | NYPD Detective Guide: Lineup | Monaghan | |

| | | | | |
|---|---|---|---|---|
| | | Identification Procedure, dated December 9, 2013 | Deposition Ex. 3 | |
| DE | FFFF | Affidavit of Kathleen Boyle dated February 9, 2010 | Nnodimele-000824-25 | Objection: FRE 802 |
| DE | GGGG | Affidavit of Kathleen Boyle dated November 15, 20103 | Nnodimele-003730-31 | Objection: FRE 802 |
| DE | HHHH | Deposition Transcript of Martin Nnodimele | | Objection:<br>-FRE 401-403.<br>-It is improper to list an entire deposition transcript as an exhibit.<br>-Defendants failed to designate any portions of deposition testimony. |
| DE | IIII | Deposition Transcript of Joseph Pollini | | Objection:<br>-FRE 401-403<br>-FRE 802<br>-It is improper to list an entire deposition transcript as an exhibit.<br>-Defendants failed to designate any portions of deposition testimony. |
| DE | JJJJ | Deposition Transcript of Kathleen Boyle[24] | | Objection:<br>-There is no such deposition or transcript<br>-Defendants waived any right to |

[24] This deposition has not yet been held but defendants reserve the right to use a transcript of this deposition if it occurs.
**Plaintiff's Response:** Defendants' listing (for the first time at 6:07 p.m. on May 19) of a non-existent transcript from a non-existent deposition, is not in good faith. Defendants long ago waived any right they had to depose this witness.

| | | | | |
|---|---|---|---|---|
| | | | | depose this witness (*see supra*)<br>-FRE 401-403<br>-FRE 802<br>-It is improper to list an entire deposition transcript as an exhibit.<br>-Defendants failed to designate any portions of deposition testimony. |
| DE | KKKK | Deposition Transcript of Seema Iyer[25] | | Objection:<br>-There is no such deposition or transcript<br>-Defendants waived any right to depose this witness (*see supra*)<br>-FRE 401-403<br>-FRE 802<br>-It is improper to list an entire deposition transcript as an exhibit.<br>-Defendants failed to designate any portions of deposition testimony. |
| DE | LLLL | Deposition Transcript of Jonathan Kirshbaum[26] | | Objection:<br>-There is no such deposition or transcript<br>-Defendants |

[25] This deposition has not yet been held but defendants reserve the right to use a transcript of this deposition if it occurs.
**Plaintiff's Response:** Defendants' listing (for the first time at 6:07 p.m. on May 19) of a non-existent transcript from a non-existent deposition, is not in good faith. Defendants long ago waived any right they had to depose this witness.

[26] This deposition has not yet been held but defendants reserve the right to use a transcript of this deposition if it occurs.
**Plaintiff's Response:** Defendants' listing (for the first time at 6:07 p.m. on May 19) of a non-existent transcript from a non-existent deposition, is not in good faith. Defendants long ago waived any right they had to depose this witness.

| | | | | |
|---|---|---|---|---|
| | | | | waived any right to depose this witness (*see supra*)<br>-FRE 401-403<br>-FRE 802<br>-It is improper to list an entire deposition transcript as an exhibit.<br>-Defendants failed to designate any portions of deposition testimony. |
| DE | MMMM | Deposition Transcript of Claudia Trupp[27] | | Objection:<br>-There is no such deposition or transcript<br>-Defendants waived any right to depose this witness (*see supra*)<br>-FRE 401-403<br>-FRE 802<br>-It is improper to list an entire deposition transcript as an exhibit.<br>-Defendants failed to designate any portions of deposition testimony. |
| DE | OOOO | Letter to Judge Ruth Pickholz dated September 12, 2011 | Nnodimele-000610-14 | Objection: FRE 401-403, 701 |

## XII. MOTIONS IN LIMINE

The parties' motions *in limine* are being filed concurrently with this Joint Pre-Trial Order.

---

[27] This deposition has not yet been held but defendants reserve the right to use a transcript of this deposition if it occurs.
**Plaintiff's Response:** Defendants' listing (for the first time at 6:07 p.m. on May 19) of a non-existent transcript from a non-existent deposition, is not in good faith. Defendants long ago waived any right they had to depose this witness.

## XIII. JOINT REQUEST TO CHARGE

The parties' joint request to charge is being filed concurrently with this Joint Pre-Trial Order.

Dated: May 19, 2016
New York, New York

LAW OFFICES OF JOEL B. RUDIN, P.C.

By: ______________________________
Joel B. Rudin
Haran Tae
600 Fifth Avenue, 10th Floor
New York, NY 10020
Tel. No.: (212) 752-7600
Fax No.: (212) 980-2968

EMERY CELLI BRINCKERHOFF & ABADY LLP

Ilann M. Maazel
Samuel Shapiro
600 Fifth Avenue, 10th Floor
New York, NY 10020
Tel. No.: (212) 763-5000
Fax No.: (212) 763-5001

*Attorneys for Plaintiff*

ZACHARY W. CARTER
CORPORATION COUNSEL FOR THE CITY OF

By: ______________________________
Karl J. Ashanti
Susan Scharfstein
100 Church Street
New York, NY 10007
Tel. No.: (212) 356-2371, 2355
Fax No.: (212) 788-9776

*Attorneys for Defendants*

[28] Other or additional trial counsel may be designated.