UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARTIN NNODIMELE,

Plaintiff,

-against-

DONALD DERIENZO and EDWARD GARRITY,

Defendants.

**DEFENDANTS' REVISED EXHIBIT LIST**

13 CV 3461 (ARR)(RLM)

Pursuant to the Court's June 27, 2016 order, defendants Donald DeRienzo and Edward Garrity submit the following revised list of witnesses:

| **Exhibit** | | **Previous Exhibit No.** | **Description** | **Bates Number/ Exhibit** | **Objections** |
|---|---|---|---|---|---|
| DE | A | U | People v. Martin Nnodimele, Arraignment, dated December 11, 2007 | Nnodimele-003647-50 | FRE 403: The probative value of this document is substantially outweighed by the prejudice from its admission because the Court has excluded evidence regarding the "thought process" of prosecutors, the Defendants never listed the arraignment prosecutor as a witness and he was not deposed, the basis for his statements in court and the reasons for his omissions are |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | speculative, and thus plaintiff will be unable to elicit testimony concerning the basis for the statements at the Arraignment. FRE 802: The document is being offered for the truth of the matter asserted |
| DE | B | NN | APS DA Datasheet, dated December 10, 2007 | Nnodimele-002242-43 | FRE 403: The probative value of this document is substantially outweighed by the prejudice from its admission because the Court has excluded evidence regarding the "thought process" of prosecutors and thus plaintiff will be unable to elicit testimony concerning the basis for the statements in the document as well as the reasons for the omissions in the document. |
| DE | C | UU | APS DA Datasheet, dated February 21, 2008 | Nnodimele-002240-41 | FRE 403: The probative value of this document is substantially outweighed by the prejudice from its admission because the Court has excluded evidence |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | regarding the "thought process" of prosecutors and thus plaintiff will be unable to elicit testimony concerning the basis for the statements in the document as well as the reasons for the omissions in the document. |
| DE | D | | N.Y.P.D. Patrol Guide Section 208-24 | DE 000105-07 | Plaintiff has listed this exhibit on his exhibit list. |
| DE | E | | Excerpts from the New York County District Attorney File | DE 021014-42 | Defendants did not include this exhibit on the Joint Pre-Trial Order and thus waived their right to list it. FRE 901(a): This exhibit contains handwritten notes that lack any reference to the author or date of creation. |

*Defendants reserve the right to use any of plaintiff's exhibits.

## IMPEACHMENT EXHIBITS

Defendants note that they objected to plaintiff's Exhibit Numbers 67 to 72. Based on the testimony of plaintiff and his witnesses, however, defendants may seek to use these records for impeachment either in the liability or damages phase.

| | | | | | |
|---|---|---|---|---|---|
| DE | F | FFFF | Affidavit of Kathleen Boyle dated February 9, 2010 | Nnodimele-000824-25 | FRE 802: Out of court statement offered for the truth of the matter asserted. |
| DE | G | | Affidavit of Kathleen | Nnodimele- | FRE 802: Out of court |

| | | | | | |
|---|---|---|---|---|---|
| | | GGGG | Boyle dated November 15, 20103 | 003730-31 | statement offered for the truth of the matter asserted. |
| DE | H | HHHH | Deposition Transcript of Martin Nnodimele | | Plaintiff objects to the extent defendants seek to use any portion of the transcript for anything other than impeachment. |
| DE | I | IIII | Deposition Transcript of Joseph Pollini | | FRE 802 & FRCP 32: Out of court statement offered for the truth of the matter asserted. Improper use of deposition testimony. |
| DE | J | JJJJ | Deposition Transcript of Kathleen Boyle[1] | | FRE 802 & FRCP 32: Out of court statement offered for the truth of the matter asserted. Improper use of deposition testimony. |
| DE | K | KKKK | Deposition Transcript of Seema Iyer[2] | | FRE 802 & FRCP 32: Out of court statement offered for the truth of the matter asserted. Improper use of deposition testimony. |
| DE | L | | Deposition Transcript of | | FRE 802 & |

[1] This deposition has not yet been held but defendants reserve the right to use a transcript of this deposition if it occurs.
[2] This deposition has not yet been held but defendants reserve the right to use a transcript of this deposition if it occurs.

| | | | | | |
|---|---|---|---|---|---|
| | | LLLL | Jonathan Kirshbaum[3] | | FRCP 32: Out of court statement offered for the truth of the matter asserted. Improper use of deposition testimony. There is no such deposition transcript and defendants waived the right to depose this witness. |
| DE | M | MMMM | Deposition Transcript of Claudia Trupp[4] | | FRE 802 & FRCP 32: Out of court statement offered for the truth of the matter asserted. Improper use of deposition testimony. There is no such deposition transcript and defendants waived the right to depose this witness. |
| DE | N | NNNN | Letter to Judge Ruth Pickholz dated September 12, 2011 | Nnodimele-000610-14 | Plaintiff objects to this exhibit because the Court has already ruled that the "reasons for actions taken by the New York County District Attorney's |

[3] This deposition has not yet been held but defendants reserve the right to use a transcript of this deposition if it occurs.
[4] This deposition has not yet been held but defendants reserve the right to use a transcript of this deposition if it occurs.

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Office" are inadmissible *See* Dkt. 163 at 23. |
| DE | O | | Declaration of Seema Iyer | | Plaintiff objects to this exhibit because it was not listed on the Joint Pre-Trial Order. Plaintiff further objects under FRE 802 because it is an out of court statement offered for the truth of the matter asserted. |
| DE | P | | Deposition of Charles Whitt | | Plaintiff objects to this exhibit because it was not listed on the Joint Pre-Trial Order. Plaintiff further objects under FRE 802 & FRCP 32 because it is an out of court statement offered for the truth of the matter asserted and improper use of deposition testimony at trial. |
| DE | Q | | Plaintiff's Alcohol Treatment Records Produced June 14, 2016 | Nnodimele 004336-004398 | Plaintiff objects to the use of this exhibit in the liability phase of the trial, as indicated in the Court's order. *See* Dkt. 163 at 31-32. It is also hearsay under |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | FRE 802 because it is an out of court statement offered for the truth of the matter asserted. |
| DE | R | | Transcript of Plaintiff's 50-H hearing | | Plaintiff objects to this exhibit because it was not listed on the Joint Pre-Trial Order. |
| DE | S | | Plaintiff's Complaint | | Plaintiff objects to this exhibit because it was not listed on the Joint Pre-Trial Order. |
| DE | T | | Plaintiff's First and Second Amended Complaint | | Plaintiff objects to this exhibit because it was not listed on the Joint Pre-Trial Order. |
| DE | U | | Plaintiff's Notice of Claim | | Plaintiff objects to this exhibit because it was not listed on the Joint Pre-Trial Order. |
| DE | V | | Plaintiff's Objection and Responses to Defendants' Discovery Requests | | Plaintiff objects to this exhibit because it was not listed on the Joint Pre-Trial Order. Plaintiff further objects because the exhibit is not sufficiently identified. It is also irrelevant and prejudicial under FRE 402 |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | and 403. |
| DE | W | | Media Coverage | | Defendants have failed to sufficiently identify this exhibit to allow plaintiff to object. But plaintiff objects to this exhibit because it was not listed on the Joint Pre-Trial Order. |

Dated: New York, New York
July 1, 2016

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street, Room 3-172
New York, New York 10007
(212) 356-3538

By: /s/
PHILIP DEPAUL
JOY T. ANAKHU
JOSHUA J. LAX
Senior Counsel
Special Federal Litigation Division

TO: BY ECF
All Counsel