RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO
ALISON FRICK
DAVID LEBOWITZ
HAYLEY HOROWITZ
DOUGLAS E. LIEB
ALANNA SMALL
JESSICA CLARKE

# EMERY CELLI BRINCKERHOFF & ABADY LLP

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK  10020

TELEPHONE
(212) 763-5000
FACSIMILE
(212) 763-5001
WEB ADDRESS
www.ecbalaw.com

CHARLES J. OGLETREE, JR.
DIANE L. HOUK

July 1, 2016

*Via ECF*

Hon. Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Nnodimele v. DeRienzo, et al.*, No. 13 Civ. 3461 (ARR)(RLM)

Dear Judge Ross:

   On behalf of Plaintiff Martin Nnodimele, we write in response to the Court's June 27, 2016 Order to (1) provide the Court with a revised witness list and a revised exhibit list; (2) provide the Court with the documentation in Plaintiff's possession concerning Det. DeRienzo's failure to report a car accident and related misconduct; and (3) clarify the legal basis for each of Plaintiff's claims and the damages he seeks in connection therewith.

**Plaintiff's Supplemental Submissions Are Attached**

   Plaintiff's revised witness list and revised exhibit list (with Defendants' objections and Plaintiff's responses) are attached here as Exhibit A. Plaintiff is also submitting two copies of his trial exhibits to the Court's chambers.

   Defendants' objections to Plaintiff's revised exhibit list are inconsistent with the positions Defendants took in the Joint Pre-Trial Order and have thus been waived. First, Defendants object to Plaintiff's deposition exhibits even though every exhibit on Plaintiff's list (except exhibits 84-89) was listed as a *defense* exhibit in the Joint Pre-Trial Order. Second, Defendants now lodge new objections to exhibits—including authenticity objections for documents authored by Defendants—that do not relate to the Court's recent Order and that they failed to make in the Joint Pre-Trial Order. The Court should strike Defendants' improper objections.

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

The only documents Plaintiff has in his possession concerning Det. DeRienzo's failure to report a car accident are three articles by former Newsday reporter Leonard Levitt, in his blog NYPD Confidential, which we have attached here as Exhibit B. These articles are based upon NYPD administrative proceedings charging Det. DeRienzo with failing to report an accident where, after a night of drinking alcohol on the job at Hogs & Heifers, and driving around improperly in his vehicle with his girlfriend, he failed to report the incident to a commanding officer. At his deposition, Det. DeRienzo tried to claim, falsely, there was no commander on duty to whom to report the incident, even though he pleaded guilty to a violation and was suspended from duty because of it. Det. DeRienzo's relevant testimony is attached as Exhibit C. We understand that Defendants will be submitting to the Court (with a copy to Plaintiff's counsel) the underlying Departmental investigative, charging, and adjudicative documents relating to this affair.

**Plaintiff Asserts Evidence Fabrication and *Brady* Claims**

Plaintiff asserts two fair trial claims: evidence fabrication and *Brady*. Plaintiff's evidence fabrication claim has "three essential elements: (1) that a defendant created false information; (2) that the defendant forwarded, or caused the information to be forwarded, to the prosecution; and (3) that the fabricated evidence was material, that is, that it would be likely to influence a jury's decision if a jury were to consider it." Dkt. 163 at 12.

Plaintiff's evidence fabrication damages flow from the "natural and foreseeable consequences" of Defendants' evidence fabrication. *Id.* at 25. Plaintiff's claim accrued on the date that either Det. DeRienzo or Det. Garrity forwarded the fabricated self-identification statement to the prosecution. Plaintiff seeks damages arising from his loss of liberty from the date the fabricated evidence was forwarded to the prosecutor to the date he was released from custody. He also seeks psychological and emotional damages from the date the fabricated evidence was forwarded to the prosecutor to the present and beyond.

Plaintiff's *Brady* claim has "three essential components: 'The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.'" Dkt. 163 at 14 (quoting *Poventud v. City of New York*, 750 F.3d 121, 133 (2d Cir. 2014).

On his *Brady* claim, Plaintiff seeks damages arising from his loss of liberty from the date of his conviction until the date he was released from custody, and psychological and emotional damages from the date of his conviction to the present and beyond.

Upon further reflection, Plaintiff will not seek damages on his *Brady* claim that arise from his pre-conviction incarceration. As stated, however, Plaintiff *will* seek damages on his evidence fabrication claim relating to his pre-conviction incarceration, that is, from the date either or both of the defendants forwarded, or caused to be forwarded, the fabricated evidence to the prosecution.

E MERY C ELLI B RINCKERHOFF & A BADY LLP
Page 3

                                                        Respectfully submitted,

                                                            /s

                                                        Ilann M. Maazel
                                                        Samuel Shapiro


                                                        LAW OFFICES OF JOEL B. RUDIN, P.C.

                                                        Joel B. Rudin
                                                        Haran Tae

c.       Joshua Lax, Esq., *via ECF*
          Joy Anakhu, Esq., *via ECF*
          Philip DePaul, Esq., *via ECF*
          Susan Scharfstein, Esq., *via ECF*
          Karl Ashanti, Esq., *via ECF*