UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
MARTIN NNODIMELE,                                                    :
                                                                     :          13-CV-3461 (ARR)(RLM)
                                      Plaintiff,                     :
                                                                     :
            -against-                                                :          NOT FOR ELECTRONIC
                                                                     :          OR PRINT PUBLICATION
DONALD DERIENZO and EDWARD GARRITY,                                  :
in their individual capacities,                                      :          ORDER
                                                                     :
                                      Defendants.                    :
                                                                     :
-------------------------------------------------------------------- X

ROSS, United States District Judge:

       In this civil rights action scheduled for trial later this month, defendants have moved to

dismiss the entirety of plaintiff's case as untimely. This court addresses the timing and merits of

this motion and rejects it on each of these independently sufficient grounds.

## BACKGROUND

### A.      Relevant Procedural History

       This court assumes familiarity with the factual and legal background of this action, which

it sets forth in detail in its opinion and order on summary judgment, see Op. & Order, Dkt. #116,

at 1-11, and recites only that background relevant to this order.

       Plaintiff, Martin Nnodimele, commenced this action in June 2013 after spending more

than four years in custody for multiple robberies for which prosecutors now say there is

insufficient evidence of his guilt. Plaintiff's complaint, which he subsequently amended twice,

alleged, inter alia, violations of his fair trial rights for evidence fabrication and claimed that

defendants "caused Plaintiff to be arrested, prosecuted, held without bail, indicted, convicted,

and imprisoned" as a result of these violations. Compl., Dkt. #1, ¶ 117; see also Am. Compl.,

Dkt. #10; Sec. Am. Compl., Dkt. #34.

In their initial answer, and in each answer after plaintiff amended his complaint,

defendants pled as an affirmative defense that plaintiff's claims are barred in whole or part by the

statutes of limitations. Answer, Dkt. #9, ¶ 117; see also Answer to Am. Compl., Dkt. #12;

Answer to Sec. Am. Compl., Dkt. #53. However, defendants never moved to dismiss on that

ground, nor did they seek summary judgment of plaintiff's claims on that basis.

By order dated January 27, 2016, this court granted in part and denied in part a motion

seeking summary judgment on plaintiff's claims. See Op. & Order, Dkt. #116. Specifically, the

court granted the motion with respect to plaintiff's malicious prosecution claims and denied it

with respect to plaintiff's fair trial claims. Id. at 40. The parties were subsequently ordered by

Chief Judge Roanne L. Mann, United States Magistrate Judge, "to serve and file their Joint

Pretrial Order ('JPTO'), in conformity with Judge Ross' Individual Rules." See Order dated Jan.

28, 2016, Dkt. #117 at 2. This court later emphasized the importance of compliance with its

individual rules at least twice. See Order dated Jan. 29, 2016 ("That order requires the parties to

file a complete Joint Pretrial Order, in accordance with this court's revised Individual Practices

and Rules, by May 12, 2016."); Order dated Apr. 29, 2016 ("no extensions will be granted under

any circumstances for the pretrial submissions due on May 19, 2016, and the court expects those

submissions to fully comply with Section IV of its Individual Practices and Rules").

This court's Individual Practices and Rules, available on the website of the United States

District Court for the Eastern District of New York, contain detailed instructions for pretrial

procedures in civil cases. These rules require the parties to jointly prepare a pretrial order, which

must include—among other requirements not relevant to the instant order—a trial memorandum as follows:

> a trial memorandum from each party that identifies all claims and defenses asserted by that party and the substantive law governing those claims and defenses. Each party shall identify and address any disagreements between the parties regarding the governing law, with citations to the legal authority upon which the party relies. Each party shall identify all claims and defenses previously asserted which are not to be tried. The parties waive all claims and defenses not set forth in the trial memorandum.

Individual Practices and Rules of Judge Allyne R. Ross, Section IV, Part A, point 6.

The deadline for the parties to file pretrial submissions was May 19, 2016. See Order dated Jan. 28, 2016, Dkt. #117, at 2; Order dated Jan. 29, 2016; Order dated Apr. 29, 2016. After receiving those submissions, this court issued orders resolving various pretrial matters, ordering supplemental submissions on specific points, and setting a pretrial conference for July 6, 2016. See Order dated June 17, 2016, Dkt. #160; Order dated June 27, 2016, Dkt. #163. Trial is scheduled to commence on July 18, 2016.

**B.      Pending Motion**

On July 1, 2016, defendants filed a letter arguing that submissions plaintiff had made to the court earlier that day alerted defendants to the fact that plaintiff's claims are time-barred. See Letter from Philip R. DePaul dated July 1, 2016, Dkt. #169 ("Defs.' Br."), at 1. Defendants claimed that it "became apparent only when plaintiff filed his letter with the Court this morning" that "his fabrication of evidence and his Brady claims accrued before his conviction" and are therefore untimely. Id. By way of background, this court directed plaintiff—in light of apparent confusion by the parties—to "clarify the legal basis for each claim and the damages he seeks in connection therewith," including "the timeframe for related damages." See Order, Dkt. #163, at 19. In doing so, plaintiff stated that his fair trial claims for fabrication of evidence accrued when defendants forwarded the fabricated self-identification statements to the prosecution. See Letter

dated July 1, 2016, Dkt. #169, at 2. According to defendants, that accrual date places plaintiff's

fair trial claims outside the statute of limitations, thereby warranting dismissal of his action.

**DISCUSSION**

This court addresses both the timing and the merits of these arguments, starting with their

merits.

Defendants argue that, because favorable termination is not an element of a fair trial

evidence fabrication claim, and because such claims can be asserted without reference to a

criminal conviction, their accrual was not deferred by virtue of his conviction per Heck v.

Humphrey, 522 U.S. 477 (1994). In Heck, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by executive
> order, declared invalid by a state tribunal authorized to make such determination,
> or called into question by a federal court's issuance of a writ of habeas corpus, 28
> U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or
> sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87 (footnote omitted) (emphasis in original). Accordingly, such a § 1983 claim accrues

only when the conviction or sentence has been overturned in one of the designated

ways. See Wallace v. Kato, 549 U.S. 384, 393 (2007). Defendants argue that a criminal

conviction is not an element of plaintiff's fair trial claims, thereby rendering the timing of the

conviction—as well as the holdings of Heck and its progeny—inapposite. Defs.' Br. at 2-4.

According to defendants, the statute of limitations began to run when plaintiff knew or had

reason to know of the evidence fabrication, at which time there was no extant criminal

conviction—only the possibility of a future one—to implicate Heck. Id. at 3-4.

This court rejects defendants' arguments on their merits for several reasons. First,

defendants have failed entirely to explain how these arguments bar plaintiff's fair trial claims

4

pursuant to Brady for the withholding of exculpatory evidence. They address these claims only parenthetically, citing to a single case concerning evidence fabrication, and not withholding of evidence. See Defs.' Br. at 4 (citing Carr v. City of New York, No. 11-CV-6982, 2013 WL 1732343, at *1 (S.D.N.Y. Apr. 19, 2013) ("alleging violations of his civil rights as a result of malicious prosecution, fabrication of false "evidence," and failure to intervene")). As plaintiff indicates, there is controlling authority to the contrary: the Second Circuit "has emphatically and properly confirmed that Brady-based § 1983 claims necessarily imply the invalidity of the challenged conviction in the trial (or plea) in which the Brady violation occurred." Poventud v. City of New York, 750 F.3d 121, 132 (2d Cir. 2014) (citing Amaker v. Weiner, 179 F.3d 48, 51-52 (2d Cir. 1999)) (emphasis in original) (footnote omitted). There is no doubt that plaintiff's fair trial claims for the withholding of exculpatory evidence were timely filed.

Second, there is ample case law in this and other circuits rejecting the exact arguments defendants advance with respect to the fair trial claims for fabricating evidence. At least three district courts within this circuit have held that such claims do not accrue until the related conviction is invalidated. See Bailey v. City of New York, 79 F. Supp. 3d 424, 455 (E.D.N.Y. 2015) ("Had plaintiff] raised his fair trial claim—premised on the fabrication of evidence, which resulted in his arrest and subsequent conviction—prior to the date his conviction was invalidated, his complaint would have been dismissed because it would have necessarily implied the unlawfulness of his conviction"); Vasquez v. City of New York, No. 10-CV-6277 (S.D.N.Y. Dec. 11, 2012) (transcript of oral ruling attached as Exhibit A to Letter dated July 5, 2016, Dkt. #170 ("Pl.'s Br."), at 7-8); Jovanovic v. City of New York, No. 04-CV-8437, 2006 WL 2411541, at *12 (S.D.N.Y. Aug. 17, 2006). Circuit courts that have addressed this question have reached the same result. Bradford v. Scherschligt, 803 F.3d 382, 387-88 (9th Cir. 2015) (holding that fair

trial evidence fabrication claim following conviction, vacatur, retrial, and acquittal began when the state brought charges but accrued only upon acquittal because it marked the point when the same charges based on the same evidence could not be revived); Mondragon v. Thompson, 519 F.3d 1078, 1082-83 (10th Cir. 2008) (distinguishing between constitutional claims before versus after the institution of legal process and holding that the latter type of claims accrue only upon favorable termination).

Defendants ask this court to overlook this substantial authority and instead rely upon the Supreme Court's decision in Wallace v. Kato, 549 U.S. 384 (2007). That reliance is misplaced. Wallace concerned the date of accrual in constitutional claims for false arrest and imprisonment. Id. at 388-89. The Supreme Court held that such claims accrue when the plaintiff "became held pursuant to legal process." Id. at 393. That court held that Heck was not implicated in claims for false arrest and imprisonment because such claims end when the plaintiff becomes held pursuant to legal process; whereas criminal charges and convictions may follow a false arrest or imprisonment, it is not necessarily so. Id. at 389-93. ("In an action for false arrest it would require the plaintiff (and if he brings suit promptly, the court) to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict."). Accordingly, the Wallace court held that plaintiffs with false arrest or imprisonment claims must file such actions as they accrue, leaving the district court to "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. at 393-94.

Wallace's holding did not address fair trial claims, nor has it been extended to embrace them.[1] To the contrary, courts in this circuit have refused to extend it to such circumstances. See,

---

[1] Defendants cite authority for the proposition that Heck likewise does not apply to retaliatory prosecution claims, see Smith v. Campbell, 782 F.3d 93, 101 (2d Cir. 2015) ("First Amendment claims, even those arising out of the

e.g., Jasper v. Fourth Court of Appeals, No. 08-CV-7472, 2009 WL 1383529, at *1 (S.D.N.Y. May 18, 2009) ("Since plaintiff's conviction remains valid, plaintiff's fair trial claim is not cognizable under § 1983, and it must be dismissed as to all defendants . . . ."). As the Eighth Circuit explained, the holding in Wallace applies to Fourth Amendment claims that precede the institution of legal process; claims that follow are analogous to tort claims for malicious prosecution and therefore require a favorable termination. Mondragon, 519 F.3d at 1082-83. That logic comports with Heck, and it helps explain why the Ninth Circuit—in considering the accrual date of evidence fabrication claims—did not even consider the possibility that the plaintiff's claims accrued prior to vacatur of his conviction, instead focusing entirely on whether the operative date was that of vacatur or acquittal after retrial. Bradford, 803 F.3d at 386-89. This court declines to extend Wallace beyond its Fourth Amendment context and holds that plaintiff's fair trial evidence fabrication claims were timely filed.[2]

In addition to rejecting the statute of limitations arguments on their merits, this court is also fully justified in rejecting them due to waiver. This court's Individual Practices and Rules unambiguously state that "[t]he parties waive all claims and defenses not set forth in the trial memorandum." Individual Practices and Rules of Judge Allyne R. Ross, Section IV, Part A,

_____

same series of events that give rise to Fourth Amendment claims, do not require a favorable termination in the criminal action to be cognizable as a matter of law."), or excessive force claims, see Poventud, 750 F.3d at 132 ("when a suspect sues his arresting officer for excessive force, a § 1983 suit may proceed even if the suspect is ultimately convicted of resisting arrest"). Such claims sound in the First, Fourth, and Fourteenth Amendments and differ from the Fifth Amendment claims here that challenge the validity of plaintiff's conviction in light of the evidence fabrication.

[2] This court is aware of the availability of claims for fabricating and withholding evidence in circumstances where the plaintiff was never tried or convicted. Such claims are referenced in this court's order on summary judgment, see Dkt. #116 at 28, and in plaintiff's recent letter, see Letter dated June 23, 2016, Dkt. #162, at 2-3. Such claims seemingly sound in the Fourth and Fourteenth Amendments, rather than the Fifth and Fourteenth Amendments. Although this court does not reach the issue, it notes that Wallace's holding may apply to fair trial claims brought under the Fourth and Fourteenth Amendments, where the plaintiff intends to pursue such claims regardless of subsequent developments in the criminal proceedings such as prosecution, trial, and conviction. Where, as here, the plaintiff attacks his conviction through claims that sound in the Fifth and Fourteenth Amendments, Heck is more clearly implicated.

point 6. Without justification or excuse, defendants failed to comply with several requirements of this court's Individual Practices and Rules concerning pretrial procedures in civil cases. This court entered an order enumerating those deficiencies:

> This court has received and reviewed the parties' pretrial submissions and has found defendants' submissions deficient in several respects. In contravention of this court's Individual Practices and Rules, defendants have (1) failed to provide two courtesy copies of pre-marked exhibits with tabs reflecting each exhibit's corresponding letter; (2) failed to provide a trial memorandum that identifies all defenses asserted by defendants and the substantive law governing those defenses; and (3) failed to provide a memorandum of law explaining why their version of the request to charge is correct and plaintiff's version is incorrect.

Scheduling Order dated May 24, 2016. This court gave defendants an opportunity to cure these deficiencies and bring their submissions into compliance with this court's rules. Id. When defendants subsequently filed a trial brief, they made no reference to an affirmative defense based on the statute of limitations. See Defs.' Tr. Br., Dkt. #157. Accordingly, that defense was waived.

Defendants' claim that they were simply unaware of facts critical to assertion of this defense until receiving plaintiff's letter of July 1, 2016, is specious. According to defendants, they did not know until that time that plaintiff's evidence fabrication claim included pre-conviction harm.[3] However, defendants have been on notice that plaintiff is seeking damages for pre-conviction harm as part of his fair trial claims since he filed his original complaint. Compl., Dkt. #1, ¶ 117. The failure by defendants to raise this argument prior to the eleventh hour—after defendants failed to move for dismissal on this ground, omitted this defense from their summary judgment motion, and neglected to include it in their trial brief after this court gave them an

---

[3] Defendants place emphasis on the plaintiff's word choice, which states that his evidence fabrication claim "accrued" when either defendant forwarded the fabricated statements to the prosecution. See Defs.' Br. at 1. Despite this inartful word choice, it is clear from context that plaintiff referred to the date from which he seeks damages on his evidence fabrication claim. Of course, the period of time for which plaintiff seeks damages on a particular claim is entirely distinct from the point in time at which it accrued. See Heck, 512 U.S. at 484.

extension to prepare one—is indefensible. The court and the parties are working diligently to prepare for a trial that is imminent based upon the pretrial submissions, which include representations regarding not only the claims and defenses in the action but also the anticipated witnesses, exhibits, and more. It is manifestly unfair for defendants to now resurrect a claim they waived long ago by failing to include it in their pretrial submissions.

Accordingly, this court holds that defendants waived their statute of limitations defense, and denies their motion to dismiss plaintiff's case on this independent basis.

This court denies plaintiff's application to sanction defense counsel or award costs to plaintiff for their time spent responding to this bid for dismissal.

SO ORDERED.

 s/
Allyne R. Ross
United States District Judge

Dated:       July 5, 2016
             Brooklyn, New York