

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT

ZACHARY W. CARTER
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

PHILIP R. DePAUL
Senior Counsel
phone: (212) 356-2413
fax: (212) 356-3509
email: pdepaul@law.nyc.gov

July 11, 2016

**BY ECF**
Honorable Allyne R. Ross
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Martin Nnodimele v. Donald DeRienzo, et al.</u>
            13 CV 3461 (ARR) (RLM)

Your Honor:

      We are Senior Counsels in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and one of the attorneys assigned to the defense of this matter on behalf of defendants Donald DeRienzo and Edward Garrity. We write, on behalf of the parties, pursuant to the Court's instruction on July 6, 2016, to apprise the Court of how we envision introducing the transcripts from plaintiff's pre-trial hearing and criminal trial into evidence.

      The parties propose each designating portions of the pre-trial hearing transcript, the openings, the People's case, and the closings that should come into evidence. The defense case and the sentencing will not come into evidence. Each party will make objections to the opposing party's designations and the Court will rule. All portions of the transcript that the Court deems admissible will come into evidence. Defendants object to admitting the actual pages of the transcript, and believe the testimony should simply be read to the jury.

      Defendants also object to plaintiff's desire to offer any portion of the openings and closings. First, there is no question that opening and closing statements are not evidence. Second, allowing these portions of the trial into evidence violates the Court's ruling that no lawyer witnesses may give opinions about the evidence, plaintiff's guilt, the strength of the case, and whether the conviction was valid. Finally, this material may implicate the issues raised by plaintiff at the July 6, 2016 conference regarding the work-product privilege since plaintiff wants to limit testimony based on the district attorney's work-product objections.

      Plaintiff contends that the openings and closings are relevant for the fact that they were said to the jury (not for the truth) and thus are highly relevant to the issue of causation. The prosecutor, for example, made a lengthy and vigorous argument that Mr. Nnodimele's self-

identifying statements eliminated any doubt about his identity as the robber. He also urged the jury to disregard Mr. DeRienzo's testimony acknowledging that Kathleen Boyle did not identify Mr. Nnodimele at a lineup because Ms. Boyle, unlike the other identification witnesses, did not appear at trial (due, plaintiff will argue, to the late disclosure by Mr. DeRienzo of her lineup report). The openings and closings are relevant for the same reason as the witness testimony at trial: for the impact on the jury. This is *not* the issue ruled on by this Court. Further answering Defendants, work product privilege will not be implicated because there is no reason to question either trial attorney about why he or she made any argument. It is just the fact that the argument was heard by the jury that is relevant to causation.

Finally, we do not see why the trial testimony and arguments should be treated differently than any other exhibit: admitted into evidence, to be used, within reason, by either party. Actually reading complete testimony by any witness will confuse the jury by implying that the testimony is being offered for the truth, when it is in fact being offered only to show what the criminal jury heard. It will also unduly prolong the trial and distract from the real issues the jury will be called upon to decide. To the extent that the jury believes that the full testimony of any witness needs to be reviewed, it can call for the exhibit, like any other exhibit. Meanwhile, the parties, either through examination of witnesses or in summation, can highlight any testimony (or summation argument) they wish.

For witnesses that each party intends to call in this matter, the parties anticipate that each witness will testify about their pre-trial and criminal hearing testimony. The parties, of course, may still use the witnesses' pre-trial/criminal trial transcript to either refresh their recollection or to impeach based on any prior inconsistent statements.

The parties believe that this solution will best streamline the trial and allow relevant evidence to be admitted from the criminal phase. If the Court approves this course of action, the parties propose the following schedule:

Each side to exchange designated transcript portions by: <u>July 12, 2016 at 5:00 p.m.</u>;

Each side to note objections to the Court by: <u>July 14, 2016 at 12:00 p.m.</u>;

The parties thank the Court for its time and consideration of this matter.

Respectfully submitted,

/s/

Joy Anakhu
Philip R. DePaul
Joshua J. Lax

Senior Counsels
Special Federal Litigation Division